IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

MISC. NO. 3:24 MC 19

FILED
CHARLOTTE, NC

FEB 28 2024

US District Court
Western District of NC

IN RE: ALLOCATION OF CHARLOTTE DIVISION CASES
AND ASSIGNMENT OF FOLLOWING
PRELIMINARY MATTERS

## ORDER

The following case assignment allocations will be applied in the Charlotte Division and supersede all other prior orders as they relate to the Charlotte Division. These case assignment allocations are effective *March 1, 2024.*

1. All grand jury returns, informations, and Rule 20 Transfers in cases filed in the Charlotte Division shall be assigned to Judge Whitney, Judge Conrad, Judge Cogburn and Judge Bell per the following allocation.

> Judge Whitney shall be assigned 29% of the criminal cases filed in the Charlotte Division.
> Judge Conrad shall be assigned 13% of the criminal cases filed in the Charlotte Division.
> Judge Cogburn shall be assigned 29% of the criminal cases filed in the Charlotte Division.
> Judge Bell shall be assigned 29% of the criminal cases filed in the Charlotte Division.
>
>> a) Any criminal case in which Judge Whitney has a conflict shall first be reassigned to Judge Bell, then to Judge Cogburn, then to Judge Conrad and then to Judge Reidinger.
>>
>> b) Any criminal case in which Judge Conrad has a conflict shall first be reassigned to Judge Bell, then to Judge Cogburn, then to Judge Whitney, and then to Judge Reidinger.
>>
>> c) Any criminal case in which Judge Cogburn has a conflict shall first be reassigned to Judge Bell, then to Judge Whitney, then to Judge Conrad, and then to Judge Reidinger.
>>
>> d) Any criminal case in which Judge Bell has a conflict shall first be reassigned to Judge Whitney, then to Judge Cogburn, then to Judge Conrad, and then to Judge Reidinger.
>>
>> e) Any criminal case filed in any division of this Court may be assigned by the

Chief Judge to a senior judge of this Court with consent of the senior judge.

2. Any violation proceedings or supplemental filings in criminal cases in which Judge Reidinger, Judge McKnight, or Judge Potter was the presiding judge shall be assigned equally to Judge Cogburn, Judge Whitney, and Judge Bell.

    a.) Any violation proceedings or supplemental filings in criminal cases in which Judge Voorhees was the presiding judge shall be assigned to Judge Bell.

3. Civil cases, except for death penalty cases, prisoner cases, social security cases and asbestos cases which are the subject of separate orders or other provisions herein, shall be randomly assigned to Judge Whitney, Judge Conrad, Judge Cogburn, Judge Bell, and Senior Judge Mullen per the following allocation:

    Judge Whitney shall be assigned 37% of the civil cases filed in the Charlotte Division.
    Judge Conrad shall be assigned 16% of the civil cases filed in the Charlotte Division.
    Judge Cogburn shall be assigned 21% of the civil cases filed in the Charlotte Division.
    Judge Bell shall be assigned 16% of the civil cases filed in the Charlotte Division; and
    Senior Judge Mullen shall be assigned 10% of the civil cases filed in the Charlotte Division.

    When any judge in the Charlotte Division has a conflict on a civil case the case is to be reassigned in accordance with the distribution stated immediately above. Any case in which all these judges have a conflict shall be assigned to Judge Reidinger.

4. "Prisoner cases" (cases in which the plaintiff is a former criminal defendant relating to his conviction, including those alleging claims pursuant to 28 U.S.C. §§ 2255, 2241, 1651, audita querella or corum nobis, but not those identified below in Paragraph 6) shall be assigned to the judge who presided over the underlying criminal case.

    a) If the presiding judge was a visiting judge, the action shall be assigned to that visiting judge. If the visiting judge requests that the motion be reassigned or is otherwise unavailable, it shall be reassigned according to the district court draw for criminal cases, paragraph 1, above.

    b) If the presiding judge was Judge McKnight or Judge Potter, the matter shall be equally assigned between Judge Cogburn, Judge Whitney, and Judge Bell.

    c) If the presiding judge was Judge Voorhees, the matter shall be assigned to Judge Bell.

5.      Any criminal case that is remanded for further proceedings pursuant to a mandate of the U.S. Court of Appeals for the Fourth Circuit in which Judge McKnight or Judge Potter was the presiding judge shall be assigned equally between Judge Cogburn, Judge Whitney and Judge Bell. If the matter on remand is a civil action, then Senior Judge Mullen would be fourth added to this reassignment sequence.

> a.) Any criminal case that is remanded for further proceedings pursuant to a mandate of the U.S. Court of Appeals for the Fourth Circuit in which Judge Voorhees was the presiding judge shall be assigned to Judge Bell.

6.      All prisoner cases filed pursuant to 28 U.S.C. § 2254 (non-death penalty cases) shall be assigned to the Chief Judge per a separate order and the Chief Judge shall supervise all pro se law clerks until further notice or order of this court.

7.      Allocation of death penalty cases, pro se prisoner cases filed pursuant to 28 U.S.C. § 1983, asbestos cases and social security cases are addressed by separate orders.

8.      Non-consent civil cases, except for social security cases, shall be referred to Charlotte Division magistrate judges by docket number for all pretrial proceedings and in accordance with the standing Order of reference issued by the district judge assigned to the case. Consent cases will be handled by Charlotte Division magistrate judges for all purposes and in all respects. The general division of cases between magistrate judges shall be according to docket number with odd-numbered cases being assigned to Magistrate Judge Keesler and even-numbered cases being assigned to Magistrate Judge Rodriguez.

9.      Pretrial matters in criminal cases are referred equally to Charlotte Division magistrate judges. These referrals are subject to modification or withdrawal by order of any affected district judge.

10.     When a case (criminal or civil) is filed that is related to a previously filed case, such new case shall be assigned to the same judge to whom the earlier case was assigned.

11.     Sole authority to change a random assignment resides with the Chief Judge, upon consultation with any other judge directly affected. The Chief Judge may designate another judge to resolve immediate matters, such as motions to stay a magistrate judge's release order, if the randomly selected district judge is unavailable.

12.     The Clerk shall refer any questions about proper procedure to the Chief Judge.

13. The Clerk is directed to serve copies of this Order to all district court judges, all magistrate judges, the United States Attorney, the Federal Public Defender, the Chief United States Probation Officer, the United States Marshal, all deputy clerks, and all court reporters.

**IT IS SO ORDERED**, this 28 day of February 2024.

_____
Martin Reidinger
Chief U.S. District Judge

_____
Max O. Cogburn, Jr.
U.S. District Judge

_____
Graham C. Mullen
Senior U.S. District Judge

_____
Robert J. Conrad, Jr.
Senior U.S. District Judge

_____
Frank D. Whitney
U.S. District Judge

_____
Kenneth D. Bell
U.S. District Judge

_____
Richard L. Voorhees
Senior U.S. District Judge